## EMILY J. PLUMER *vs.* LYDIA LORD.

In order to create an estoppel *in pais*, the declarations or acts relied upon must have been accompanied with a design to mislead.

One who is simply the agent of a firm cannot, by his representations, estop a particular individual from denying that he is a member of the firm.

CONTRACT upon a promissory note for $3000, dated June 16th 1858, signed J. H. Lord & Co. and payable to the order of the plaintiff, on demand, with interest.

At the third trial in the superior court, before *Morton*, J., after the decision reported in 7 Allen, 481, it appeared that at the time said note was given there existed a firm doing business in Boston under the name of J. H. Lord & Co.; that William

Plumer, the plaintiff's husband, at that time and for a long time before and afterwards, acted as the financial agent of the firm, signed their notes and drew their checks in the firm name, without signing his own as agent or attorney ; that he was authorized to do this by a written power of attorney from Margaret F. Plumer, one of the members of said firm, and verbally by the defendant; that on or about the 16th day of June 1858 the plaintiff and defendant exchanged their respective notes secured by mortgage on the separate real estate owned by each ; that the plaintiff subsequently sold the defendant's note and mortgage, indorsing the note, and the proceeds realized thereon were lent to said firm, the last of it being received some time in August 1858, when the note in suit was made by said William Plumer and given to the plaintiff, who always had it in her possession until she left it with her attorney for collection.

To charge the defendant as a partner in the firm of J. H. Lord & Co., the plaintiff offered to prove by Parna Towle that some time in the summer or fall of 1857, in a conversation relative to the discharge of one person and the employment of another as clerk of said firm, the defendant said, " She did not think it was right, and would never consent to it; she had a right to object, as she was one of the partners or firm ; " and that this statement was subsequently, and before the note in suit was given, communicated to the plaintiff.

The plaintiff further offered to prove various other conversations, which were fully set forth in the bill of exceptions, between herself and the defendant, prior to the date of the note in suit, in which the defendant admitted herself to be a partner in the firm of J. H. Lord & Co. ; and also a conversation with her husband, William Plumer, at the time when the defendant executed her note and mortgage to the plaintiff, in which he stated that the defendant was a partner in the firm, and that J. H. Lord was not. The plaintiff further offered to prove that she was induced by these various declarations to believe that the defendant was a partner in the firm, and to lend to the firm the money for which the note in suit was given, and that she would not otherwise have taken the note.

The defendant put in evidence the written articles of partnership of the firm of J. H. Lord & Co., which show, under the construction heretofore given to them by this court, (7 Allen, 481,) that the defendant's husband was a member of the firm and that she was not. The judge ruled that the doctrine of estoppel did not apply to this case, and if it did the evidence offered was not sufficient to show an estoppel; and he directed a verdict for the defendant, which was accordingly rendered. The plaintiff alleged exceptions.

*J. H. Wiggins*, for the plaintiff.

*A. A. Ranney*, for the defendant.

BIGELOW, C. J. The plaintiff does not now seek to hold the defendant as being actually a copartner in the firm by whom the note declared on is signed. Yielding to the principle heretofore declared, that a wife cannot enter into a copartnership of which her husband is a member, (*Lord* v. *Parker*, 3 Allen, 127,) she seeks to avoid the effect of its application to this case by evidence which brings it, as she contends, within the doctrine of estoppel *in pais*, and precludes the defendant from alleging the non-existence of a copartnership of which she was a member. This same point seems to have been raised and overruled when this case was before the court at a previous term, (5 Allen, 463); but as the evidence on which it rests is now presented more fully, and in a somewhat different aspect, we have deemed it not improper to reconsider the proposition on which the plaintiff relies to maintain her action.

Passing by the question whether a married woman can by any act or declaration in the country estop herself from setting up her legal incapacity to make a contract, and thus indirectly bind herself to fulfil obligations which she could not assume directly, even by an instrument executed in the most solemn and formal manner — a difficulty in the way of the plaintiff's right to recover of the most formidable character; *Lowell* v. *Daniels*, 2 Gray, 161, 168 — we are of the opinion that the evidence offered at the trial is wholly insufficient to create the estoppel for which the plaintiff contends. The representations on which she relies all lack the vital element of having been

made with a design that they should be acted on by the plain-
tiff. Estoppels are not favored in law, because they operate to
shut out the truth, and to prevent parties from asserting or de-
fending their rights by proof of actual existing facts. They are
therefore properly confined within very narrow limits, and are
always required to be strictly made out. It is not sufficient, in
order to bar a party from offering or relying upon evidence ma-
terial to his case, to show that he has previously made state-
ments or representations inconsistent with or even directly con-
trary to the facts which he proposes to prove, and that such
statements or representations were acted on by the party to
whom they were made. There must also be shown a wilful
intent to induce the party to act on the faith of the alleged
statements or representations. This is the well settled rule of
law. *Pickard* v. *Sears*, 6 Ad. & El. 474. *Freeman* v. *Cooke*,
2 Exch. 663. *Howard* v. *Hudson*, 2 El. & Bl. 1–10. *Audenried*
v. *Betteley*, 5 Allen, 382, 385. No one of the declarations made
by the defendant herself, which the plaintiff offered to prove,
comes within this rule. They were all made prior to the time
when the note in suit was given, and before the transaction
took place out of which the consideration of the note is alleged
to have arisen. Nor does it even appear that they were made
with any intent to induce the plaintiff to give credit to the firm.
They were mere casual declarations, which are not shown to
have had any connection with the dealings or business transac-
tions of the parties. They fall very far short of forming a
groundwork for an estoppel.

In regard to the representations alleged to have been made
by William Plumer, as agent of the defendant, to the plaintiff,
if competent to be proved at all, the same difficulty exists. It
does not appear that they were made at the time the note in suit
was given, or with a design to procure such note from the plain-
tiff. It is true that it is shown that Plumer stated that the
defendant was a copartner in the firm of J. H. Lord & Co. at
the time the plaintiff and defendant agreed to exchange their
respective notes secured by mortgages on the real estate owned
by them respectively; but the evidence fails to prove that it was

then agreed or understood that the note of the firm now in suit should also be given to the plaintiff. If there was no such understanding or agreement, then it is clear that the statements were not made with a design to induce the plaintiff to receive the note, and to advance money to the firm thereon. But even if it were otherwise, the plaintiff could not estop the defendant by any such declarations of Plumer, because it does not appear that he was authorized to make them on her behalf. He was the agent of a firm, not of the defendant. This firm was established by a written contract, and the agent had no authority to bind any one as a member of the firm beyond that which appeared on the face of this contract. If he mistook the legal effect of it, and in consequence of such mistake made misrepresentations as to the persons who composed the firm, he clearly exceeded his authority. As agent of the firm merely, he could not estop the defendant, because she was not a member of it, and he in fact had no authority to bind her beyond the legal scope of the contract into which she had entered; and as this did not and could not make her a member of the firm, he could not estop her by statements that she was a copartner.

*Exceptions overruled.*